**SO ORDERED.**

**SIGNED this 16 day of June, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**John C. Cook
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Ruby Kathy Avans** | ) | **No. 07-14202** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |
| | ) | |
| **Regions Bank** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 08-1054** |
| | ) | |
| **Ruby Kathy Avans** | ) | |
| | ) | |
| **Defendant** | ) | |

**M E M O R A N D U M**

    This adversary proceeding is before the court on a motion for summary judgment filed by the plaintiff. The court has reviewed the motion, the supporting and responsive briefs, the

-1-

statement of undisputed facts and response, and the supporting and opposing affidavits and exhibits. For the reasons stated below, the court will grant the motion.

## I.

The court finds that there is no genuine issue as to the following material facts. On or about February 4, 2002, the plaintiff made a loan to the defendant in the amount of $36,259.50. The defendant signed a promissory note and a Security Deed to secure repayment of the loan. The face of the Security Deed describes the collateral as follows:

> See Exhibit "A", which is attached to this Security Deed and made a part of this Security Deed as if fully set forth herein.
>
> . . . .
>
> The Real Property or its address is commonly known as 35 FERGUSON ST, TRENTON, GA 30752-2100.

The legal description set forth on Exhibit "A" is the description of a mobile home lot, also owned by the defendant, which is located at 15345 Highway 11 North, Lot 9, Trenton, Georgia. At the time the loan was made, a house was located on the Ferguson Street property. The house was insured by State Farm Insurance Company and the policy named the plaintiff as a loss payee. On February 1, 2004, the defendant conveyed the Highway 11 lot to Dwayne and Norma Carroll by general warranty deed, with no exception for the plaintiff's Security Deed.

On June 6, 2002, March 26, 2003, February 20, 2004, and March 31, 2005, the defendant filed voluntary petitions for relief under chapter 13 of the Bankruptcy Code. The schedules of li-

abilities accompanying the first three petitions listed the plaintiff as a secured creditor holding a security interest in the Ferguson Street property.

On June 4, 2005, the house on the Ferguson Street property was destroyed by fire. On July 5, 2005, the plaintiff exercised the power of sale under the Security Deed. On August 5, 2005, State Farm issued a check for the fire loss in the amount of $65,121.07, payable jointly to the order of Select Portfolio Servicing, Inc., the plaintiff, and the defendant.

On October 3, 2007, the defendant filed a fifth chapter 13 petition. On October 16, 2007, the plaintiff filed a proof of claim, asserting an unsecured, nonpriority claim in the amount of $40,416.47.[1] On January 16, 2008, Select Portfolio Servicing filed a proof of claim in the amount of $43,033.98 and asserted a security interest in the Ferguson Street property. On February 18, 2008, the plaintiff amended the proof of claim to change the claim from unsecured to secured, identifying the collateral as "Insurance proceeds check for house fire" valued at $65,121.07. On February 28, 2008, the defendant filed an objection to the amended proof of claim, asserting that the plaintiff's claim has been satisfied by virtue of its failure to seek confirmation of the foreclosure within 30 days as provided by Section 44-14-161 of the Official Code of Georgia Annotated.[2]

---

[1] The same day, the plaintiff filed a second proof of claim asserting an unsecured, nonpriority claim in the amount of $14,402.09, but it appears that that proof of claim relates to a separate loan.

[2] The objection was sustained by an order entered on April 1, 2008, but that order was vacated on May 15, 2008.

On April 11, 2008, the court entered an agreed order in the defendant's chapter 13 case, authorizing the standing chapter 13 trustee to endorse the insurance check, deposit the funds into his general trust account, satisfy the secured claim of Select Portfolio Servicing, and retain the remainder of the funds until further order of the court. Thereafter, the drawee bank dishonored the check as stale and State Farm issued a replacement check, also payable jointly to the plaintiff, the defendant, and Select Portfolio Servicing. On May 27, 2008, an amended agreed order was entered in the chapter 13 case, authorizing the trustee to endorse the replacement check, deposit the funds into his general trust account, satisfy the secured claim of Select Portfolio Servicing, and retain the remainder of the funds until further order of the court.[3]

On May 12, 2008, the plaintiff filed the complaint initiating this adversary proceeding, which seeks a declaratory judgment that it holds a perfected security interest in the proceeds of the insurance check and an order that its claim be paid from those proceeds. The defendant filed an answer to the complaint, and thereafter the plaintiff filed its motion for summary judgment.

## II.

In its motion for summary judgment, the plaintiff argues that it is entitled to have its claim satisfied from the proceeds of the insurance check because it was named as a loss payee under the insurance contract, and State Farm issued the insurance check jointly payable to the plaintiff as a loss payee, to the defendant, and to Select Portfolio Servicing as the other loss

---

[3] The disbursement to Select Portfolio Servicing has not yet been made, because the debtor and the trustee have filed objections to the allowance of its claim, challenging the amount thereof. The hearing on the objections is scheduled for June 19, 2008.

payee. The defendant contends that the plaintiff cannot satisfy its claim out of the insurance proceeds because the wrong legal description of the real estate was attached to the Security Deed thus invalidating the plaintiff's security interest in the Ferguson Street property. The defendant argues that without a valid security interest in the property, the plaintiff had no insurable interest in the property and thus the plaintiff cannot receive the insurance proceeds as a loss payee.

There may or may not be an issue as to whether the plaintiff held a valid, enforceable security interest in the Ferguson Street property: the security interest may have been valid since the Security Deed recited the property's street address; or it may have been invalid since the wrong legal description was attached. In either event, however, the plaintiff was the loss payee under the fire insurance policy. The plaintiff's rights as a loss payee are independent of the Security Deed. For example, in *Rick Taylor Timber Co. v. Orix Credit Alliance, Inc. (In re Rick Taylor Timber Co.)*, No. 92-5038, 1993 WL 13003868 (Bankr. S.D. Ga. June 14, 1993), two creditors were asserting claims to the insurance proceeds with respect to a piece of equipment that was destroyed by fire. First National Bank of Alma held a perfected security interest in the collateral (and its proceeds) but was not named as a loss payee, and Orix Credit Alliance held an unperfected security interest in the collateral but was named as a loss payee. The court held that Orix had a prior claim to the proceeds:

> In this case Orix has an "original" interest in the insurance policy arising out of its having been named loss payee and as such, the validity of its interest is not subject to Article 9. . . .
>
> . . . . Orix' failure to perfect its security interest is not fatal because its interest as loss payee is not governed by Article 9.
>
> . . . .

> . . . . Orix obtained a contractual promise from Debtor's predecessor in interest to keep the collateral insured. Debtor assumed the obligation and kept the promise by maintaining the required insurance and naming Orix as loss payee. The insurance company issued a certificate of insurance naming Orix as loss payee on the feller buncher. I conclude that Orix, named as loss payee, has a superior claim upon the insurance proceeds.

*Id.*, 1993 WL 13003868, at *7-*8; *see Palmer v. Mitchell County Fed. Sav. & Loan Ass'n*, 377 S.E.2d 4, 6 (Ga. Ct. App. 1988) ("It is well settled that a 'New York standard' or 'union' mortgage clause such as the one appearing in the insurance policy at issue in this case '"create[s] a separate and distinct contract on the [secured lender's] interest and . . . give[s] it an independent status."'"); *see also CIT Group/Equip. Fin., Inc. v. Northbrook Prop. & Cas. Ins. Co.*, 515 S.E.2d 845, 846 (Ga. Ct. App. 1999) ("CIT obtained rights to the insurance proceeds as the loss payee under the insurance contract between Powell and Northbrook *and also as* the assignee under the terms of the sales contract and security agreement.") (emphasis added). Thus, the plaintiff has rights in the insurance proceeds as a loss payee even if it has no such rights under the Security Deed.

The defendant asserts, however, that the plaintiff is not a loss payee on the fire insurance policy because it did not have an insurable interest in the Ferguson Street property. Section 33-24-4 of the Official Code of Georgia Annotated provides:

> (a) As used in this Code section, "insurable interest" means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
>
> (b) No insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured.

>   (c) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment of such interest in such property.

The plaintiff may well have had an insurable interest in the Ferguson Street property despite the attachment of the wrong legal description to the Security Deed because the Security Deed on its face identified the collateral as being the property located at 35 Ferguson St, Trenton, GA, 30752-2100, and the parties intended that the Ferguson Street property be the collateral for the debt.[4] However, the court need not determine whether or not the plaintiff had an insurable interest in the Ferguson Street property in light of the defect in the Security Deed. The purpose of the requirement of an insurable interest is to "safeguard[] the insurer against the risk that arises if one who will receive the monetary benefit from loss of the insured property (or life, as it may be) has no interest in the property not being destroyed." *Woods v. Indep. Fire Ins. Co.*, 749 F.2d 1493, 1496 (11th Cir. 1985). Thus, a lack of an insurable interest merely renders the insurance policy "unenforceable 'except for the benefit of persons' having an insurable interest in the thing insured." *Ga. Mut'l Ins. Co. v. Nix*, 149 S.E.2d 494, 496 (Ga. Ct. App. 1966). State Farm has not sought to invalidate the naming of the plaintiff as a loss payee. Rather, it has issued a check for the loss (twice), payable jointly to the plaintiff, the defendant, and Select Portfolio Servicing.

---

[4] The evidence submitted by the plaintiff in support of its motion for summary judgment shows that the parties intended that the Ferguson Street property was to be the collateral for the debt notwithstanding the wrong legal description that was attached to the Security Deed. The instrument contained on its face the street address of the Ferguson Street property, three of the defendant's prior bankruptcy cases listed the plaintiff as a holder of a security interest in the Ferguson Street property, the property described in the legal description attached to the Security Deed was conveyed to a third party by the defendant on February 1, 2004, and the plaintiff was named as a loss payee on the insurance policy insuring the Ferguson Street property. The defendant failed to submit any evidence in opposition to the motion for summary judgment that countered the evidence submitted by the plaintiff showing that the parties intended the Ferguson Street property to be the collateral securing the defendant's debt to the plaintiff.

Only the insurance company has standing to assert that a beneficiary lacks an insurable interest, *Townsend v. Morris*, 149 S.E.2d 464, 465 (Ga. 1966), "and consequently after the insurer has recognized the validity of an insurance policy, as by paying the amount thereof to the beneficiary or into court, adverse claimants to the funds ordinarily may not raise the objection of lack of insurable interest," 44 AM. JUR. 2D *Insurance* § 937 (2008). The defendant lacks standing to assert that the plaintiff lacked an insurable interest in the Ferguson Street property.[5]

Accordingly, the plaintiff is entitled to the insurance proceeds up to the total amount of the debt relating to the property that was destroyed by fire. *CIT Group/Equip. Fin.,Inc. v. Northbrook Prop. & Cas. Ins. Co.*, 515 S.E.2d at 846-47. The amount of the insurance proceeds is $65,121.07, and the parties have agreed that Select Portfolio Servicing is entitled to have its claim satisfied from the proceeds before the plaintiff receives any portion thereof. Although the defendant and the trustee have objected to the amount of Select Portfolio's $43,033.98 claim, it seems likely that the insurance proceeds, after paying the allowed amount of the claim, will be insufficient to satisfy the plaintiff's claim in the amount of $40,416.47. In any event, the plaintiff is entitled to the insurance proceeds up to the full amount of the debt related to the insured property.

---

[5] The court also notes that the defense of a lack of an insurable interest was not raised in the defendant's answer, and also that the addition of the plaintiff to the policy as a loss payee was likely made at the defendant's instance or, at the very least, with her acquiescence.

**III.**

The defendant next argues that the plaintiff cannot satisfy the defendant's debt from the insurance proceeds because the defendant presently owes no debt to the plaintiff. Because the plaintiff foreclosed on the Ferguson Street property and did not subsequently obtain confirmation of the sale in the Georgia state court, the defendant argues there is no debt remaining after the sale.[6] In support of her argument, the defendant relies on the provisions of Section 44-14-161 of the Official Code of Georgia Annotated. That statute provides:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.
>
> (b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.
>
> (c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown.

The defendant contends that, because the plaintiff did not timely commence a proceeding to obtain a deficiency judgment, there is a conclusive presumption that there was no deficiency,

---

[6] The defendant's argument that the foreclosure sale satisfied her obligation to the plaintiff seems inconsistent with her argument that the plaintiff had no valid security interest in the Ferguson Street property upon which the plaintiff could foreclose.

i.e., that the collateral brought enough at foreclosure to satisfy the debt. The court does not so read the statute. As the court held in a recent decision, if the lender does not timely commence a confirmation proceeding, Section 44-14-161 merely bars it from collecting any deficiency; the statute does not establish that there was no deficiency. *In re Higgins*, No. 07-10654, slip op. at 8 (Bankr. E.D. Tenn. Feb. 19, 2008), *notice of appeal filed* (Mar. 21, 2008). "The legal effect of a failure to obtain confirmation of a foreclosure sale is that it bars a creditor from seeking a deficiency judgment. Failure to obtain confirmation does not extinguish the debt; it just limits the creditor's remedies." *Presidential Fin. Corp. v. Snead (In re Snead)*, 231 B.R. 823, 825 (Bankr. N.D. Ga. 1999); *accord*, *Calvert Fire Ins. Co. v. Environs Dev. Corp.*, 601 F.2d 851, 854 (5th Cir. 1979); *Worth v. First Nat'l Bank*, 333 S.E.2d 173, 174 (Ga. Ct. App. 1985); *Marler v. Rockmart Bank*, 246 S.E.2d 731, 734 (Ga. Ct. App. 1978); *Turpin v. N. Am. Acceptance Corp.*, 166 S.E.2d 588, 592 (Ga. Ct. App. 1969); *see Sur. Managers, Inc. v. Stanford*, 633 F.2d 709, 711 (5th Cir. 1980); *Bus. Loan Ctr., LLC v. Nischal*, 331 F. Supp. 2d 301, 307 (D.N.J. 2004); *Citizens Bank v. Wiggins*, 167 B.R. 992, 994 (M.D. Ga. 1994); *First Fed. Sav. & Loan Ass'n v. Fisher*, 422 F. Supp. 1, 3 (N.D. Ga. 1976), *aff'd*, 544 F.2d 902 (5th Cir. 1977); *Powers v. Wren*, 31 S.E.2d 713, 716 (Ga. 1944); *Breeze v. Columbus Bank & Trust Co.*, 448 S.E.2d 276 (Ga. Ct. App. 1994); *Turner v. Commonwealth Mortgage Assurance Co.*, 428 S.E.2d 398, 399 (Ga. Ct. App. 1993).

Thus, the Georgia Court of Appeals has held that, even though the mortgagee failed to obtain confirmation, it may collect the debt from other collateral, *Worth*, 333 S.E.2d 173, or exercise a contractual setoff right to reduce the deficiency, *Marler*, 246 S.E.2d 731. Accordingly,

the statute does not bar the plaintiff from pursuing its rights under the insurance policy for the repayment of the debt.

### IV.

For the foregoing reasons, an order will enter granting the plaintiff's motion for summary judgment.

###